```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

LUIS GERENA, 05-B-2903,

        Petitioner,

        -v-                                    09-CV-6066(MAT)
                                                      **ORDER**

DAVID ROCK, Superintendent,

        Respondent.

## I. Introduction

*Pro se* petitioner Luis Gerena ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Court of Robbery in the First Degree, Robbery in the Second Degree, and Burglary in the First Degree, following a jury trial before Judge Shirley Troutman. Petitioner was sentenced as a second felony offender to fifteen years imprisonment with five years of post-release supervision.

## II. Factual Background and Procedural History

Petitioner's conviction arises out of an incident on January 23, 2004, wherein petitioner and two other men broke into a house on Buffalo's west side and robbed the occupants at gunpoint, seeking money and drugs. While petitioner's co-defendants ransacked the house, petitioner held down one of the occupants, Angel Gonzalez ("Gonzalez"), pointing a gun at his head. Gonzalez, a convicted drug dealer, knew all three men, including petitioner. The other occupant, Hector Leon-Figueroa ("Figueroa"), had managed

to escape the house through the bathroom window and call the police. The three intruders left the house with clothing, boots, and a DVD player that were placed inside of a suitcase. About thirty to forty-five minutes later, Gonzalez saw petitioner standing outside of the supermarket located across the street from his house. He told Figueroa, who again called the police. Trial Tr. (II) at 320-29, 331-43, 350-51, 357-58, 403, 430, 436-37, 465.[1]

Buffalo Police Officer William Rieman encountered petitioner standing in the lobby of the Tops Supermarket on Niagara Street, one block from the location of the robbery. Petitioner was advised of his Miranda warnings, and shortly thereafter, asked Officer Rieman, "If I tell you where we put the clothes and the backpack, do you think that they will drop the charges?" Rieman asked petitioner where the items were, and petitioner replied that they were in a gray Honda parked down the street. A search of the Honda, located about ten houses north of Gonzalez's apartment, revealed none of the stolen property. Neither the property nor a gun was ever recovered. Trial Tr. (II) at 570-75, 586-88, 592.

Petitioner was charged with Robbery in the First Degree (N.Y. Penal L. § 160.15(4)), Robbery in the Second Degree (N.Y. Penal L. § 160.10(1)), and Burglary in the First Degree (N.Y. Penal L. § 140.30(4)) under Erie County Indictment No. 196-2004. On December

---

[1] Petitioner was tried twice, as his first trial resulted in a mistrial. As used herein, citations to "Trial Tr. (I)" and "Trial Tr. (II)" refer to petitioner's first and second trial, respectively.

16, 2004, petitioner's first trial ended in a mistrial when it was determined that his attorney, John Jordan, Esq. ("Jordan"), could be called as a witness. Petitioner was assigned new counsel, Thomas Farley, Esq. ("Farley") and a second trial was held over four days in May, 2005. The jury found petitioner guilty of all three counts in the indictment. Trial Tr. (II) 719-20. Following the verdict, petitioner submitted a letter to the county court alleging that Farley, his counsel at trial, was ineffective for failing to call a specific witness (Jordan) for the defense. The court relieved Farley from representing petitioner and assigned Terry Brennan, Esq. for the balance of the proceedings. See Hr'g Mins. dated 8/10/2005 at 4-6. Petitioner was subsequently sentenced as a second felony offender to fifteen years for each charge, to be served concurrently, along with five years of post-release supervision. Sentencing Tr. 9-10.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, on the following grounds: (1) ineffective assistance of trial counsel; (2) legally insufficient evidence to support the conviction; (3) the verdict was against the weight of the evidence; (4) the prosecutor's summation deprived petitioner of a fair trial; (5) the jury instructions were prejudicial; (6) petitioner's Miranda waiver was invalid; (7) the trial court erred in refusing to grant petitioner's motion to set aside the verdict; (8) there was no legal basis for sentencing petitioner as a second

felony offender; and (9) the sentence was harsh and excessive. Resp't Exhibits ("Ex.") B. The Fourth Department unanimously affirmed the judgment of conviction. People v. Gerena, 49 A.D.3d 1204 (4th Dept.), lv. denied, 10 N.Y.3d 958 (2008).

Petitioner now seeks a writ of habeas corpus under 28 U.S.C. § 2254 on the same grounds enumerated in his appellate brief. See Amended Petition ("Pet."), Attach. at 1-11. For the reasons that follow, I find that petitioner is not entitled to habeas relief, and the petition is dismissed.

**III. Discussion**

    **A.    General Principles Applicable to Federal Habeas Review**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

        **2.    Exhaustion Requirement and Procedural Default**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not

be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). "The exhaustion requirement is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, and is not satisfied unless the federal claim has been fairly presented to the state courts." Jimenez v. Walker, 458 F.3d 130, 148-149 (2d Cir. 2006) (internal citations and quotation marks omitted).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Grey, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes federal court

litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice, i.e., that the petitioner is actually innocent. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

**B.  Merits of the Petition**

**1.  Ground One: Ineffective Assistance of Counsel**

Here, as he did on direct appeal, petitioner assails the effectiveness of his three trial attorneys on various grounds. Pet., Attach. at 1-4. The Appellate Division rejected this contention on the merits. Gerena, 49 A.D.3d at 1205.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his

attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id., and may not second-guess defense counsel's strategy. Id. at 690.

### a. Thomas Farley, Esq.

Petitioner contends that his trial attorney, Thomas Farley, was ineffective for failing to call his former attorney, John Jordan, as a witness. According to petitioner, Jordan's testimony would have demonstrated that Gonzalez, the prosecution's primary witness, desired to recant his testimony. Pet., Attach. at 2-3. On September 7, 2005, petitioner's third attorney, Terrance Brennan, Esq. ("Brennan"), submitted a motion to the county court pursuant to N.Y. Crim. Proc. L. § 330.30. That motion included an affidavit from petitioner, stating that Gonzalez had approached John Jordan and stated that his testimony was contrived. At trial, however, Gonzalez denied this, which necessitated Jordan being called as a witness. See Hr'g Mins. dated 9/9/2004[2]; see also Trial Tr. (I) at 583-85. Accordingly, the court granted a mistrial. While Jordan could have been called as a witness at the second trial, and

---

[2] Although the stenographic minutes indicate that the hearing was held on September 9, 2004, the Court believes this to be a typographical error, as petitioner's verdict was not rendered until May 19, 2005 and Brennan's § 330.30 motion was dated September 7, 2005. Nonetheless, the Court will refer to the hearing minutes based on the date provided on the face of the transcript provided.

7

petitioner believed he would be called, Farley did not do so. Hr'g Mins. dated 9/9/2004 at 4.

The record indicates, however, that Jordan would have testified that petitioner's step-father attempted to coerce Gonzalez into recanting his testimony. Jordan's testimony would have thus opened the door to additional inculpatory evidence being admitted. Id. at 10-11. Accordingly, Farley's decision not to call Jordan cannot be said to be objectively unreasonable under the circumstances. Moreover, the decision whether or not to call witnesses, and if so, which witnesses to call, is a matter of trial strategy to which a significant amount of deference is owed. E.g., United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998) ("[A]n appellate court on a cold record should not second-guess such decisions unless there is no strategic or tactical justification for the course taken."). Because petitioner does not establish that his attorney's conduct was deficient, there is no need for the Court to examine whether said conduct was prejudicial under Strickland. See Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) ("'[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.'" (alterations in original) (quoting Strickland, 466 U.S. at 697)).

Petitioner also complains that Farley was ineffective for not reporting alleged contact between the prosecutor and a juror. This

contention is belied by the record. A hearing on petitioner's § 330.30 motion revealed that no such contact ever occurred. Hr'g Mins. dated 914/2005 at 43-44. Accordingly, petitioner has failed to make the requisite showing under either element of the Strickland standard, and this claim is dismissed.

### b. John Jordan, Esq.

Petitioner also contends that his first attorney, John Jordan, was ineffective for failing to conduct a hearing pursuant to People v. Rodriguez, 79 N.Y.2d 445 (1992) in order to determine the extent of Figueroa's prior familiarity with the petitioner. Specifically, petitioner argues that it was not established that Figueroa knew petitioner or that there was a mutual relationship between the two men. Pet., Attach. at 1-2. The record indicates that Jordan withdrew a request for a Rodriguez hearing following a discussion with his client, from which it appeared that petitioner and the witness were acquainted to some extent and knew one another from the neighborhood. Hr'g Mins. dated 9/15/2004 at 7-8. In light of those facts, Jordan cannot be faulted for deciding not to bring a meritless motion. See Ocampo v. U.S., No. 99-CV-6727 (JG), 2004 WL 611959, *11 ("The decision not to pursue a meritless motion does not constitute ineffective assistance of counsel.") (E.D.N.Y. March 22, 2004). Under these circumstances, Jordan's conduct was not unreasonable, and this claim is therefore dismissed.

### c. Terrance Brennan, Esq.

Finally, petitioner argues that his third attorney was constitutionally deficient because he failed to contest the prosecutor's statement pursuant to N.Y. Crim. Proc. L. § 400.21, in which the prosecutor sought to have petitioner sentenced as a second felony offender, and did not present any favorable mitigating evidence at sentencing. Pet., Attach. at 3-4.

On the outset, the court notes that Brennan requested an adjournment on petitioner's sentencing date to ensure that the predicate offense alleged by the prosecution was proper for the purposes of second felony offender adjudication. Hr'g Mins. dated 9/14/2005 at 44-47. Counsel acknowledged that after researching the issue, he concluded that "possession of heroin with intent to sell would be an E felony under the Penal law, that that serves to elevate the crime of conspiracy for misdemeanor level to felony level under New York law. And that, therefore, the crime charged in federal court would have a corresponding felony level status under the New York law." Sentencing Tr. at 3-4. Because petitioner's federal convictions were analogous to a New York state felony, counsel had no basis to challenge the second felony offender statement and thus cannot be considered ineffective for failing to do so. See, e.g., U.S. v. Arena, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.").

Petitioner's claim that his attorney proffered no mitigating circumstances to obtain a more favorable sentence is similarly unavailing. At sentencing, counsel addressed the court: "[W]ith the understanding that my client maintains his innocence as far as I understand it in connection with the incidents that resulted in his conviction . . . we can't take a position that he's sorry for the offense because he claims he didn't commit the offense. [I]f he's convinced of his innocence, we would request that the Court consider the possibility of innocence exists and show mercy given that situation." Sentencing Tr. 4-5. Thus, contrary to petitioner's assertion, Brennan did in fact argue for leniency.

Furthermore, counsel's failure to call petitioner's family members to offer "kind words that could have moved the court towards a favorable sentence," see Pet., Attach. at 4, can also be attributed to legitimate strategy. In Strickland, which established the standard for ineffective assistance of counsel, the Supreme Court held that counsel's decision not to call character witnesses at sentencing was a "strategy choice ... well within the range of professionally reasonable judgments." 466 U.S. at 699. In any event, petitioner was not prejudiced by his attorney's alleged omissions at sentencing. While petitioner faced a sentence of up to twenty-five years as a second felony offender convicted of a B violent felony, he was ultimately sentenced to concurrent terms of imprisonment, the longest of which being fifteen years. It is thus

unlikely that the presentation of whatever mitigating character evidence petitioner sought to introduce would have persuaded the sentencing judge to impose a lighter sentence. See Perez v. Greiner, No. 01 CIV. 5522(AKH), 2002 WL 31132872, *7-*8 (S.D.N.Y. Sept. 25, 2002) (denying habeas relief where counsel failed to introduce mitigating factors at sentencing); Yapor v. Mazzuca, No. 04Civ.7966RCCAJP, 2005 WL 1845089 (S.D.N.Y. Aug. 3, 2005) (same).

In sum, petitioner has not established that any of his three attorneys rendered ineffective assistance under the terms of Strickland v. Washington. Accordingly, the Appellate Division's determination on this claim was not contrary to or an unreasonable application of Supreme Court law, and habeas relief is not available to petitioner on this ground.

### 2. Grounds Two through Nine are Procedurally Defaulted

The remainder of petitioner's application for habeas corpus alleges that the evidence was legally insufficient to support the conviction, the verdict was against the weight of the evidence, the prosecutor's summation deprived petitioner of a fair trial, the trial court's instructions to the jury were prejudicial, the trial court should have suppressed petitioner's statements because his Miranda waiver was invalid, the trial court erred in denying petitioner's N.Y. Crim. Proc. L. § 330.30 motion, petitioner was illegally sentenced as a second felony offender, and the sentence was harsh and excessive. Pet., Attach. at 4-11. While all of these

grounds were raised in petitioner's appellate brief, he did not pursue these claims in his application for leave to appeal to the New York Court of Appeals, in which he argued the sole issue of ineffective assistance of counsel at length. As such, petitioner failed to properly exhaust these claims by presenting them to the state's highest court. See Ex. C (Leave Application); Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991) ("Under 28 U.S.C. § 2254(b), applicants for habeas corpus relief must 'exhaust[ ] the remedies available in the courts of the State.' In doing so, a petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition.") (quoting Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990) (per curiam)); see also Jordan v. Lefevre, 206 F.3d 196 (2d Cir. 2000) (Habeas petitioner did not fairly present all of his claims to New York Court of Appeals, as required to exhaust state remedies, when he forcefully argued one claim in his application for leave to appeal and made passing reference to other possible claims to be found in attached briefs.)

All of these claims, however, must be deemed exhausted because petitioner would face an absence of corrective process were he to return to state court in an attempt to exhaust them. State appellate review is no longer available to petitioner; he cannot again seek leave to appeal the claim in the Court of Appeals because he has already made the one request for leave to appeal to

which he is entitled. See, e.g., N.Y. Court Rules § 500.20. Moreover, collateral review of these claims is also barred because the issues were previously determined on the merits on direct appeal. See N.Y.Crim. Proc. L. § 440.10(2)(a); accord, Grey, 933 F.2d at 120-21. Stated another way, petitioner no longer has remedies available in the state courts to exhaust these claims for purposes of habeas review.

The state procedural rules that give rise to the constructive exhaustion of this claim also render the claim procedurally defaulted. See, e.g., Ramirez v. Att'y General of N.Y., 280 F.3d 87, 94 (2d Cir. 2001) ("Even if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as a result, then procedurally barred under state law.") (citing Grey, 933 F.2d at 120-21). A finding of procedural default bars habeas review of his federal claims unless petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claims will result in a miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 492 (1986); Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Petitioner makes no allegation of cause and prejudice or that this Court's failure to review the claims will result in a miscarriage of justice, i.e., that he is actually innocent of the crimes for which he has been convicted. See Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002). These

14

claims must therefore dismissed as procedurally defaulted.

**IV. Conclusion**

For the reasons stated above, Luis Gerena's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: December 30, 2010
Rochester, New York